**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.:  09-20473-CIV-SEITZ/O'SULLIVAN**

MARION H. KNIGHT, JR.,

     Plaintiff,

v.

PHILIPS SOUTH BEACH, LLC, d/b/a
THE SHORE CLUB, an Illinois Limited Liability
Co., PHILIPS SOUTH BEACH, LLC, d/b/a THE SHORE
CLUB, a Delaware Limited Liability Co., MORGANS
HOTELS GROUP MANAGEMENT, LLC d/b/a MGH
MANAGEMENT COMPANY, a Florida Limited Liability
Co., KANYE OMARI WEST, and GETTING OUT OUR DREAMS,
INC. d/b/a G.O.O.D MUSIC d/b/a GOOD MUSIC, a foreign
corporation,

     Defendants.
_____/

**DEFENDANTS', PHILIPS SOUTH BEACH, LLC AND MORGANS
HOTEL GROUP MANAGEMENT, LLC, RESPONSE TO
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME/UNOPPOSED CROSS
MOTION FOR EXTENSION OF TIME OF CERTAIN PRE-TRIAL DEADLINES**

Defendants, PHILIPS SOUTH BEACH, LLC and MORGANS HOTEL GROUP

MANAGEMENT, LLC, hereby file this Response to Plaintiff's Motion for Enlargement of

Time/Unopposed Cross Motion for Extension of Time of Certain Pre-Trial Deadlines and in

support hereof, Defendants state as follows:

     1.    Plaintiff has filed a Motion for Enlargement of Time requesting a 90-day

enlargement of time to complete discovery in this matter.  While Defendants have no opposition

to the requested extension, counsel for Defendants is filing this Response to provide more detail

as to the reason this extension is needed and to also request a similar extension to certain other

pre-trial deadlines which would need to be simultaneously extended should this Court grant the Plaintiff's Motion and extend the discovery deadline.

2.      The current deadlines which would need to be extended are as follows:

| | |
|---|---|
| To Complete Fact Discovery | April 26, 2010 |
| Plaintiff to Serve Expert Witness List and Reports | April 27, 2010 |
| To Exchange Fed. R. Civ. P. 26(a)(3) Disclosures | May 3, 2010 |
| Defendants to Serve Expert Witness List/Reports | May 11, 2010 |
| To Complete Expert Discovery | May 25, 2010 |
| All summary judgment and Daubert motions | June 29, 2010 |

3.      In addition, undersigned counsel hereby advises the Court that since June 18 of 2009, the Defendants have been attempting, unsuccessfully, to set and take the Plaintiff's deposition in this matter.  The Plaintiff's deposition along with a defense CME was finally confirmed and set for March 25 and March 23 at 4:00 p.m., respectively.  However, on the afternoon of March 23, the Plaintiff's counsel advised that the Plaintiff would not be attending either the previously scheduled deposition or the defense CME.

4.      Some background on the difficulties counsel for the Defendants have had in scheduling the Plaintiff's deposition is as follows:

a.      Specifically, on June 18, 2009, undersigned counsel, knowing that it could take some time to schedule the Plaintiff's deposition given his celebrity status, requested dates from Plaintiff's counsel regarding his client's availability to be deposed in this matter.

b.      On November 20, 2009, Mr. Adam Josephs, counsel for G.O.O.D. and West sent Plaintiff's counsel follow-up correspondence advising Plaintiff's counsel that the Defendants were still waiting for Plaintiff's availability for deposition.

2

c.     On February 8, 2010, undersigned counsel sent Plaintiff's counsel e-mail correspondence requesting for a third time deposition dates for the Plaintiff and reminding Plaintiff's counsel of the upcoming discovery deadline.

d.     On February 9, 2010, Plaintiff's counsel responded to the undersigned's request by requesting from defense counsel dates during which we were available to take the Plaintiff's deposition in March of 2010.

e.     On February 16, 2010, Mr. Josephs advised Plaintiff's counsel that all defense counsel were available to take the Plaintiff's deposition on March 25 and requested confirmation as to the Plaintiff's availability as well as requesting dates for his client to undergo a CME.

f.     On February 18, 2010, undersigned counsel sent a second letter to Plaintiff's counsel again asking for confirmation as to Plaintiff's availability on March 25.

g.     On February 20, 2010, Plaintiff's counsel confirmed that the Plaintiff would be available for his deposition on March 25 and requested defense counsel to set Plaintiff's IME on either March 23 or March 24.  Thereafter, Plaintiff's deposition was set for March 25 and a CME was set for March 23 at 4:00 p.m.

h.     On March 22, 2010, undersigned's office confirmed the CME set for March 23 with the Plaintiff's counsel's office.  Plaintiff's inability to attend same or the deposition two days later was not mentioned at that time.

i.     Rather, on March 23 at 2:33 p.m., undersigned counsel received an email from Plaintiff's counsel advising that the Plaintiff would no longer be available for his previously scheduled deposition on March 25 and that he would not be attending the

3

CME which was scheduled for 4:00 p.m. that same day.  The Plaintiff's reason for cancelling both the CME and the deposition was that the Plaintiff was in a car accident two weeks ago and currently has an infection.  Undersigned counsel also received an e-mail from a California doctor advising that the Plaintiff would not be able to sit for a deposition for a 3-month period of time.[1]

   j.      On March 23, Plaintiff's counsel advised that he would be moving for a continuance of the pretrial deadlines set by this Court in the next three days.

   5.      In light of the above events and in addition to the 90-day extension of time to complete discovery in this matter that Plaintiff has requested, undersigned counsel respectfully requests a similar extension for the following deadlines, the revised deadlines would be as follows:

|  | **Current Deadline** | **Requested Deadline** |
|---|---|---|
| To Complete Fact Discovery | April 26, 2010 | July 26, 2010 |
| Plaintiff to Serve Expert Witness List and Reports | April 27, 2010 | July 27, 2010 |
| To Exchange Fed. R. Civ. P. 26(a)(3) Disclosures | May 3, 2010 | August 3, 2010 |
| Defendants to Serve Expert Witness List/Reports | May 11, 2010 | August 11, 2010 |
| To Complete Expert Discovery | May 25, 2010 | August 25, 2010 |
| All summary judgment and Daubert motions | June 29, 2010 | September 15, 2010 |

---

[1] To prevent this situation from happening again counsel for Defendants have noticed a hearing set before Magistrate O'Sullivan on April 1, 2010, and will seek an Order from the Court compelling the Plaintiff to promptly provide available dates for his deposition and sanctions against the Plaintiff should he fail to appear for his deposition for a second time.

6.      Undersigned counsel is cognizant of the Court's pre-trial conference and trial deadlines and is attempting to suggest deadlines which would not impact those deadlines.  A proposed order is attached hereto as Exhibit "A".

7.      This Response/Cross-Motion is made in good faith and not for the purposes of delay.

8.      Undersigned counsel hereby certifies that she has contacted counsel for Defendants G.O.O.D. and West and counsel for the Plaintiff who do not oppose the extension of time requested herein.

WHEREFORE, the Defendants, PHILIPS SOUTH BEACH, LLC and MORGANS HOTEL GROUP MANAGEMENT, LLC respectfully request an extension of time to certain pre-trial deadlines as fully explained above.

Dated:          March 31, 2010.                    Respectfully submitted,

GREEN, ACKERMAN & FROST, P.A.
1200 North Federal Highway, Suite 301
Boca Raton, Florida  33432
Telephone:  (561) 347-2400
Facsimile:  (561) 955-9555

_s/ Ilana Green Kellner_____
JAY B. GREEN
Fla. Bar No.: 213268
jgreen@gaflaw.com
ILANA GREEN KELLNER
Fla. Bar No.: 502618
igreen@gaflaw.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2010, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Ilana Green Kellner _____
ILANA GREEN KELLNER

**SERVICE LIST**
***Knight v. Philips South Beach, LLC et al,* CASE NO.: 1:09-CV-20473-PAS**

Lewis N. Jack, Jr., Esquire
Adam C. Josephs, Esquire
JOSEPHS JACK
Post Office Box 330519
Miami, Florida  33233-0519
Telephone:  (305) 445-3800
Facsimile:  (305) 448-5800
lnj@josephsjack.com
acj@josephsjack.com
Via CM/ECF Delivery
***Counsel for Kanye Omari West and Getting Out Our Dreams, Inc. d/b/a G.O.O.D Music d/b/a GOOD Music***


Marc L. Brumer, Esquire
BRUMER & BRUMER, P.A.
SunTrust International Center
One Southeast Third Avenue – Suite 2900
Miami, Florida  33131
Telephone:  (305) 374 – 2000
Facsimile:  (305) 358 – 0303
mbrumer@brumerlaw.com
Via CM/ECF Delivery
***Counsel for Plaintiff, Marion H. Knight, Jr.***

7