UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  1:09-CV-20473-PAS

**MARION H. KNIGHT, JR.,**

    Plaintiff,

v.

**PHILIPS SOUTH BEACH, LLC., d/b/a THE SHORE CLUB,** an Illinois limited liability co., **PHILIPS SOUTH BEACH, LLC., d/b/a THE SHORE CLUB,** a Delaware limited liability co., **MORGANS HOTELS GROUP MANAGEMENT, LLC d/b/a MGH MANAGEMENT COMPANY,** a Florida limited liability company, **KANYE OMARI WEST, and GETTING OUT OUR DREAMS, INC. d/b/a G.O.O.D MUSIC d/b/a GOOD MUSIC,** a foreign corporation,

    Defendants.
_____/

### DEFENDANTS, KANYE OMARI WEST'S AND GETTING OUT OUR DREAMS, INC.'S, MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR LOST WAGES WITH INCORPORATED MEMORANDUM OF LAW

    Defendants, KANYE OMARI WEST and GETTING OUT OUR DREAMS, INC, hereby file this Motion for Partial Summary Judgment as to Plaintiff's Claim for Lost Wages with Incorporated Memorandum of Law, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, and respectfully move this Honorable Court for entry of Partial Summary Judgment in

their favor against Plaintiff, MARION H. KNIGHT, JR. (hereinafter "KNIGHT"), and as grounds therefor, states as follows:

I.   **Introduction**

Plaintiff, Marion "Suge" Knight, disingenuously asserts he is entitled to recover $18,000,000 in "lost wages" as a result of a shooting which occurred at the Shore Club Hotel in Miami, Florida, in August 2005.[1] Shot by an unknown person while on the Shore Club's premises, the Plaintiff alleges claims of negligent security and conversion against all Defendants. As a result of the injury, Plaintiff alleges to have suffered damages including, *inter alia,* lost income while he was unable to work due to the gunshot injury in an amount estimated to be not less than $18,000,000.00.[2]

This Motion focuses on the $18,000,000 lost income claim. As set forth below, Plaintiff has failed to provide any admissible evidence which might support the claimed damages. As a matter of law, Plaintiff is not entitled to recover these damages.

II.   **Summary Judgment Standard**

As recently explained in *Morrell v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345 (S. D. Fla. 2008):

> Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the

---

[1] *See* Plaintiff's First Amended Complaint [DE 1].

[2] *See* Plaintiff's Answers to Defendant, Phillips South Beach, LLC's First Set of Interrogatories, (attached hereto as Exhibit "A"); *see also* Plaintiff's Better Answers to Defendant, Phillips South Beach, LLC's First Set of Interrogatories, (attached hereto as Exhibit "B").

facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990).
"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III.   **Damages For Loss of Earnings**

The starting point of an income analysis is, of course, the fact that loss of earnings and earning capacity is a proper element of damage in personal injury cases. *Seltzer v. Grine*, 79 So. 2d 688, 689 (Fla. 1955).  "A person who has received physical injuries by reason of the wrongful act of another may recover any loss of time and consequent loss of earnings sustained as a result of his temporary incapacity to continue his occupation." *Butler v. Gateway Ins. Co.,* 295 So. 2d 651, 652 (Fla. 3d DCA 1974).  Further, "Florida law does not recognize a claim for future loss of earnings" but does recognize a claim for "damages for loss of earning capacity."  *W.R. Grace &*

*Co. v. Pyke*, 661 So. 2d 1301, 1303-04 (Fla. 3d DCA 1995). The purpose of such an award for loss of any future earning capacity is "to compensate a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings." Id. at 1302.

**IV.   Plaintiff's Lost Income Claim is Unsupported by the Record Evidence**

There is no genuine issue of material fact as to Knight's lack of damages in the form of lost wages. Mr. Knight's own testimony (the only record evidence) regarding his lost wages claim establishes he has no independent knowledge or recollection of his earnings prior to his injury.

> Q.  What was your salary per year from the company?
> A.  Well, when I was incarcerated, zero. So *I don't recall anything except that.*

Deposition of Marion H. Knight (May 11, 2010), p. 549, l. 2 – 5 (attached hereto as Composite Exhibit "C"). Knight has been unable to provide any substantive evidence to support Mr. Knight's lost wages claim.

**V.   Mr. Knight's Basis for Damages**

Plaintiff has failed to declare an expert to testify in support of the claimed damages. With a complete absence of record evidence, we are left with Knight to opine as to the veracity of his own claim. Given his inability to testify to even the most basic questions concerning his income or earnings, the basis for his calculation of $18,000,000.00 in damages is fascinating.

In his Better Answers to Interrogatories, Mr. Knight states:

> After being shot in the leg I was not able to walk and/or work and was confined to my residence for a period of time. In that time I was unable to work out a settlement with the individuals who obtain [sic] a default judgment against myself and my company because of my serious injuries. Moreover, there was a signed settlement that was breached by other parties and because of my injury and the inability to walk, I was not able to enforce and/or negotiate the settlement. This loss is in the million of dollars and will be supplemented at the time of my deposition.

4

See Plaintiff's Better Answers to Interrogatories, (attached as Exhibit "B").  Essentially, the claim morphs from one of lost wages to a claim that but-for the shooting, Knight "*would have*" been able to work out a settlement with Lydia and Michael Harris - a couple who obtained a 107 million dollar default judgment against Death Row Records, Inc., and Knight, individually, approximately five months *prior* to the shooting. See Deposition of Marion H. Knight (April 28, 2010), p. 186 – 188 (attached hereto as composite Exhibit "C").

Such an attenuated argument flies in the face of the reality that Death Row Records, Inc., had closed its doors in April 2005 (five months before the shooting) as a result of the $107 million default.

| | |
|---|---|
| Mr. Mar: | 2005, based on your testimony, the company ceased operating in April of that year, is that correct? |
| Mr. Knight: | Yes. |
| * * * | |
| Mr. Mar: | Okay. But the question is, why did the company close its doors in April of 2005? And your response is? |
| Mr. Knight: | I-my response is that in 2005 – I don't know the exact date, we got a judgment against the company. Oh, yeah – |
| Mr. Mar: | You got a judgment against the company? |
| Mr. Altagen: | He didn't get a judgment. |
| Mr. Knight: | I didn't get it. |
| Mr. Altagen: | There was a judgment against the company. |
| Mr. Knight: | There was a judgment against the company and I lost the lease on the building. |

See 341(a) Hearing Transcript, May 5, 2006, U.S. Bankruptcy Court for the Central District of California, Los Angeles Division, Case # LA 06-11205-EC, p 21, l. 10 – 13; p 22 -23. (attached as exhibit "D").

Regardless of the reality of Knight's financial situation, he contends he "would have" settled the default and saved his company had he not been shot. Such far-reaching conjecture is inadmissible.

Florida Courts regularly reject damages when based solely on Plaintiff's own testimony as to what he "would have" done. *Kane v. Shearson Lehman Hutton, Inc.*, 916 F.2d 643, 647 (11th Cir. Fla. 1990). "[S]uch speculative lost profits damages are not recoverable." *Id.* (citing *Himes v. Brown & Co. Securities*, 518 So. 2d 937, 939 (Fla. 3d DCA 1987) (holding that self-serving testimony regarding the measure of damages as being missed opportunities was too speculative)). As in the aforementioned cases, Knight's unsubstantiated testimony regarding what he "would have" done concerning the settlement does not meet the requirements of reasonable certainty set out by Florida and Federal courts. This wholly speculative testimony is inadmissible to prove Knight's claimed damages at trial. *See Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 921 So. 2d 43, 46 (Fla. 3d DCA 2006).

### VI.   Mr. Knight's Calculation of Damages

No record evidence exists to support a claim for damages. When questioned about the calculation of the $18,000,000.00 figure, Mr. Knight simply declared it was the figure his company, Death Row Records, Inc., sold for in bankruptcy.

> Q. You have claimed $18 million in lost [wages] as damages in this lawsuit?
> A. Correct.
> Q. How do you calculate that?
> A. Because if I wouldn't have lost my company, even though the company was quoted worth 100 million plus, but since it was more or less a fire sale I feel it was only fair that I go for the hundred million, that's how I come up with the number 18 million because the catalogue of my company sold for $18 million after the incident, after I got shot at the Shore Club.
> \* \* \*
> Q. If a company is worth over $100 million, why wouldn't the trustee have sold it for over $100 million?
> A. Probably because the trustee is -- I can't tell you why the trustee, but luckily for – not luckily, but if the company wouldn't have sold for $18 million, my loss of wages would be way more than $18 million. So since it sold for 18 million, that's why I said my loss of wages is 18 million.

See Deposition of Marion H. Knight (May 10, 2010), p. 547 – 548 (attached hereto as composite Exhibit "C").  Broken down, Knight's confusing testimony appears to state:

1) "But For" the shooting, I "would have been" able to negotiate a settlement for the $107 million default judgment the Harris' obtained five months prior to the shooting,

2) If I had been able to negotiate a settlement of the default judgment, I "would have" been able to keep Death Row Records, Inc., out of bankruptcy,

3) And because I couldn't do any of this, I am entitled to the $18,000,000.00 Death Row Records, Inc., sold for in bankruptcy.

The leaps Knight's "analysis" takes has no basis in fact or law. Where the causal chain of "but fors" which tie defendant's actions to plaintiff's claim for damages is one where failure of any one link breaks the connection, the chain of causation is too speculative to meet the certainty standard. *Resolution Trust Corp. v. Stroock & Stroock & Lavan*, 853 F. Supp. 1422, 1428-29 (S.D. Fla. 1994).  "Whether the individual "but for" assumptions could be accepted by a reasonable person is one question. Whether the entire scenario could be accepted by a reasonable person as being reasonably certain is another question." Id. at 1429 (explaining that even if independent "but fors" are each more likely than not, the chance that the first event caused the last is still an unlikely one).

There is no rational basis for the calculation of the $18,000,000.00 figure. Not only is Death Row Records not a party to this lawsuit, but Mr. Knight has failed to produce any documents to substantiate his valuation of the company and/or why that figure provides a legal underpinning for his damages calculation. Knight's failure to provide any evidence whatsoever to support his claim of lost wages renders summary judgment appropriate. *Montage Group, Ltd. v. Athle-Tech Computer Sys.*, 889 So. 2d 180, 194 (Fla. 2d DCA 2004) (expert's failure to

perform extensive analysis necessary to value business at the time it was destroyed is inadmissible; plaintiff's proof insufficient to establish a loss).

### V. Conclusion

Florida law requires reasonable certainty and not speculative proof as to the cause and extent of Plaintiff's claimed damages. *See, e.g.*, *W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd.,* 545 So. 2d 1348, 1350-51 (Fla. 1989); *Twyman v. Roell*, 123 Fla. 2, 166 So. 215, 218 (Fla. 1936); *Reitano v. Peninsular Bldg. Supply Co.*, 262 So. 2d 710, 712 (Fla. 2d DCA 1972). "A plaintiff's self-serving assertion is precisely the type of evidence that courts hold to be insufficient to establish lost profits." *AlphaMed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1348 (S.D. Fla. 2006) (internal citations omitted).; *Truelove v. Blount*, 954 So. 2d 1284, 1289 (Fla. 2d DCA 2007).

There is no admissible evidence in the record which could support Knight's damages claim with the requisite amount of certainty. Summary Judgment is appropriate.

WHEREFORE, Defendants, Kanye West and Getting Out Our Dreams, Inc., respectfully request this Court enter an Order Granting Partial Summary Judgment in favor of Defendants, WEST and GOOD, as to Plaintiff's Lost Wages claim together with such other and further relief this Court deems just and proper.

Dated: August 6, 2010

        JOSEPHS JACK
        Post Office Box 330519
        Miami, FL  33233-0519
        (305) 445-3800
        (305) 448-5800 (Fax)
        acj@josephsjack.com

        By: /s/ Adam C. Josephs
        Fla. Bar. No. 050895

I hereby certify that on August 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        JOSEPHS JACK
        Post Office Box 330519
        Miami, FL  33233-0519
        (305) 445-3800
        (305) 448-5800 (Fax)
        acj@josephsjack.com


        By: /s/ Adam C. Josephs
            Adam C. Josephs
            Fla. Bar. No. 050895

**SERVICE LIST**

GREEN, ACKERMAN & FROST, P.A.
1200 North Federal Highway, Suite 301
Boca Raton, Florida 33432
Telephone:  (561) 347-2400
Facsimile:  (561) 955-9555
jgreen@gaflaw.com
ILANA GREEN KELLNER
igreen@gaflaw.com
*Counsel for Defendants, Phillips South Beach (Delaware and Illinois) and Morgans Hotel Management*

BRUMER & BRUMER, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2900
Miami, Florida 33131
Telephone:  (305) 374-2000
Facsimile:  (305) 358-0303
mbrumer@brumerlaw.com
*Counsel for Plaintiff, Marion H. Knight, Jr.*