UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-20473-CIV-SEITZ/O'SULLIVAN

MARION H. KNIGHT, JR.,

    Plaintiff,

v.

PHILIPS SOUTH BEACH, LLC, d/b/a
THE SHORE CLUB, an Illinois Limited Liability
Co., PHILIPS SOUTH BEACH, LLC, d/b/a THE SHORE
CLUB, a Delaware Limited Liability Co., MORGANS
HOTELS GROUP MANGEMENT, LLC d/b/a MGH
MANAGEMENT COMPANY, a Florida Limited Liability
Co., KANYE OMARI WEST, and GETTING OUT OUR DREAMS,
INC. d/b/a G.O.O.D. MUSIC d/b/a GOOD MUSIC, a foreign
corporation,

    Defendants.
_____/

## DEFENDANTS, PHILIPS SOUTH BEACH, LLC (ILLINOIS AND DELAWARE) AND MORGANS HOTEL GROUP MANAGEMENT, LLC'S NOTICE OF CONFLICT

NOTICE IS HEREBY GIVEN of the following conflicts with the undersigned attorney's trial schedule for the trial docket of the above-styled cause scheduled to commence on December 6, 2010 as follows:

| Case Name | Trial Period |
|---|---|
| O'Brien v. Miami Valley Ready Mix<br>17th Judicial Circuit Case No.: 06-020814 CACE (21)<br>The Honorable John J. Murphy, III | 12/6/2010 – 12/17/2010 |

*A copy of the Uniform Trial Order Specially Setting Case for Trial is attached pursuant to Local Rule 16.3.

Case No.: 09-20473-CIV-SEITZ/O'SULLIVAN
Notice of Conflict
Page 2

DATED: September 28, 2010

                                              Respectfully submitted,

                                              GREEN, ACKERMAN & FROST, P.A.
                                              1200 North Federal Highway, Suite 301
                                              Boca Raton, Florida  33432
                                              Telephone:  (561) 347-2400
                                              Facsimile:  (561) 955-9555


                                              s/ Jay B. Green_____
                                              JAY B. GREEN
                                              Fla. Bar No.: 213268
                                              jgreen@gaflaw.com

Case No.: 09-20473-CIV-SEITZ/O'SULLIVAN
Notice of Conflict
Page 3

## CERTIFICATE OF SERVICE

**I hereby certify** that on September 28, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                                              s/ Jay B. Green
                                              Jay B. Green

Case No.: 09-20473-CIV-SEITZ/O'SULLIVAN
Notice of Conflict
Page 4

## SERVICE LIST
*Knight v. Philips South Beach, LLC et al*, CASE NO.: 1:09-CV-20473-PAS

Adam C. Josephs, Esquire
JOSEPHS JACK
Post Office Box 330519
Miami, Florida 33233-0519
Telephone: (305) 445-3800
Facsimile: (305) 448-5800
acj@josephsjack.com
***Counsel for Kanye Omari West and Getting Out***
***Our Dreams, Inc. d/b/a G.O.O.D Music d/b/a GOOD Music***

Marc L. Brumer, Esquire
BRUMER & BRUMER, P.A.
SunTrust International Center
One Southeast Third Avenue – Suite 2900
Miami, Florida 33131
Telephone: (305) 374 – 2000
Facsimile: (305) 358 – 0303
mbrumer@brumerlaw.com
***Counsel for Plaintiff, Marion H. Knight, Jr.***

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GERALD O'BRIEN,

Plaintiff(s) / Petitioner(s)

v.

MIAMI VALLEY READY MIX OF
FLORIDA, LLC,

Defendant(s) / Respondent(s)
_____/

**UNIFORM TRIAL ORDER
SPECIALLY SETTING CASE
FOR TRIAL**

Judge: John J. Murphy, III
Case No: 06-20814 (21)

**SPECIAL SET TRIAL PERIOD commencing:** 12/06/10 to 12/17/10

___10__DAYS     __X___JURY     _____NON-JURY

**THE ORDER OF TRIALS set during this period will be determined at the CALENDAR CALL. You are subject to being called to commence trial during any part of the above noted trial period.** Failure of any party to attend the pretrial conference and calendar call may result in either the case being dismissed or a default being entered.

The court and/or the parties have determined that this case is ready for trial pursuant to Fla. R. Civ. P. 1.440. The case is set for trial before the undersigned Judge in Courtroom 990, Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida as stated above.

You are advised your case may be placed into the 17th Circuit's "Civil Trial Pool" and is subject to being called for trial before any circuit civil judge. If placed in the Civil Trial Pool, you MUST be prepared to proceed to trial if called. ONLY the division judge or administrative judge of the civil division may grant a continuance of any case placed in the Civil Trial Pool.

The following requirements are imposed on all parties by the Court:

**I.** **NO LATER THAN NINETY (90) DAYS PRIOR TO TRIAL - EXPERT WITNESSES DISCLOSURE** (Filed with the Clerk and served on all counsel) The parties shall furnish opposing counsel with the names and addresses, along with complete and updated curriculum vitae of all expert witnesses to be called at trial; and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.280 (b)(4)(A); and shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both sides shall cooperate in the scheduling of such expert depositions.

**II.** **NO LATER THAN SIXTY (60) DAYS PRIOR TO TRIAL - MEDICAL EVALUATIONS**: All medical evaluations and other examinations pursuant to Fla. R. Civ. P. 1.360 shall have been completed.

**III.** **NO LATER THAN FORTY- FIVE (45) DAYS PRIOR TO TRIAL:** All final discovery shall have been initiated.

**IV.** **TEN (10) DAYS PRIOR TO TRIAL:** All pretrial discovery, including discovery depositions or testimony preserved by video of witnesses or experts to be used at trial, shall have been completed. Any motions in limine, shall be filed and served upon opposing counsel.

1

V. **AT THE TIME OF THE ABOVE NOTICED PRETRIAL CONFERENCE / CALENDAR CALL,** the Joint Pretrial Stipulation must be completed and timely filed with the Clerk **with a copy provided to the undersigned judge.** At the time of the pretrial conference/calendar call the parties shall be prepared to discuss all items set fort in Fla R. Civ. P. 1.200(b).

VI. **THE JOINT PRETRIAL STIPULATION MUST CONTAIN IN SEPARATELY NUMBERED PARAGRAPHS: [A joint pretrial stipulation contemplates a single document. It requires that all agreed matters be fully identified, and any disputed matters be specifically delineated with respect to each party]:**

1. **Statement of the Facts:** A concise, impartial statement of the facts of the case.
2. **Stipulated Facts:** A list of those facts that can be stipulated and require no proof at the trial.
3. **Statements of Disputed Law & Fact:** Those issues of law and fact that are to be tried.
4. **Exhibit Lists:** Each party shall separately list all exhibits they intend to introduce into evidence. Each item shall be listed by number and description on a separate schedule attached to the stipulation. Each exhibit shall be specifically described. Generic descriptions of exhibits are subject to being stricken. Counsel shall initial each other's exhibit list and exhibits. All exhibits to be offered in evidence at trial shall have been made available to opposing counsel for examination and initialing. Only those exhibits listed and initialed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. charts, enlargements of exhibits) to be used at a jury trial must be displayed to all counsel before being shown to the jury.
5. **Witness Lists:** Parties shall attach and furnish counsel with a written list in alphabetical order containing the names and addresses of all witnesses ("rebuttal", "impeachment" or otherwise) intended to be called at trial. Only those witnesses listed shall be permitted to testify. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited from such witness. All expert witnesses and their specialties shall be designated. If any party objects to any witness, such objection must be stated in the stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.
6. **Jury Instructions:** If the trial is a jury trial counsel shall identify all agreed upon standard instructions and all special instructions. Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction. Copies of all agreed upon instructions or disputed instructions shall be attached to the stipulation, along with copies of supporting statutory citations and/or case law.
7. **Verdict Forms:** If the trial is a jury trial the jury verdict form shall be attached and designated as agreed to or disputed. Agreed and/or disputed verdict forms shall be attached.
8. **Peremptory Challenges:** If the trial is a jury trial, state the number of peremptory challenges for each party.
9. **Pending Motions:** Set forth a list of all pending motions with copies attached to the pretrial stipulation. To the extent the court has time prior to commencement of the trial; all pending motions will be heard or set for hearing at the above-noticed pre-trial conference. All parties shall be **fully prepared** to present legal argument for all pending motions at the pretrial conference.
10. **Trial Estimate:** Each party shall provide an estimate of the number of days of trial for its side.

VII. **NO LATER THAN TEN (10) DAYS** prior to the trial period set forth above the following shall be completed or heard by the Court:
   1. Depositions to preserve testimony of any witness, including experts, shall have been completed;
   2. All pretrial motions, depositions or proceedings related thereto and **MOTIONS IN LIMINE:** All motions to exclude witnesses or evidence of other motions directed to the conduct of the trial for which grounds then exist must be filed and heard prior to commencement of the trial.

VIII. **MOTIONS FOR SUMMARY JUDGMENT** will **NOT** be heard at the calendar call, pretrial conference or at the time of trial.

IX. **SETTLEMENT:** Counsel shall immediately notify this Court in the event of settlement and submit a stipulation for and order of dismissal. Counsel shall also notify the Court of any pending hearings that will be canceled as a result of the settlement.

**THE PARTIES ARE CAUTIONED REGARDING THE FOLLOWING POLICIES OF THE COURT:**

1. The parties **shall** do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. See Rules 1.300 and 1.460 Fla.R.Civ.P. and Rule 2.545 of the Florida Rules of Judicial Administration. CONTINUANCES will only be considered on written motion **prior to calendar call.**

2. **NO CONTINUANCES** will be granted for reasons that should have been readily apparent to counsel when the trial order was received or expert witnesses are unavailable since testimony may be preserved by deposition. **Continuances requested for reasons relating to failure to follow this Order will not be granted.**

2

3. **THE REQUIREMENTS OF THIS PRETRIAL ORDER CANNOT BE WAIVED BY STIPULATION.**

4. The parties and counsel should be familiar with Fla.R.Civ.P 1.380 regarding "Failure to Make Discovery: Sanctions", and, Fla. Stat., §57.105, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; service of motions; damages for delay of litigation." The court may impose sanctions for failure to comply with the requirements of this pretrial order.

5. FAILURE TO ATTEND AS REQUIRED BY THIS ORDER OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS SUCH AS STRIKING OF THE PLEADINGS.

6. **MEDIATION IS MANDATORY**: The parties shall comply with Fla. R. Civ. P. 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate the settlement conference with the mediator and all parties. Mediation SHALL be completed prior to the assigned trial period. Failure to attend mediation may result in sanctions.

**ORDERED** and **ADJUDGED** at Fort Lauderdale, Florida on _____, 2010.

**Plaintiff is responsible for arranging for a court reporter unless otherwise agreed by the parties**

TRUE COPY
JUDGE JOHN J. MURPHY, III

SEP 14 2010

JOHN J. MURPHY, III
CIRCUIT COURT JUDGE

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled at no cost to you to the provision of certain assistance. Please contact the Court Administrators ADA Coordinator at 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, telephone number 954-831-7017 within two working days of your receipt of this document. If you are hearing impaired, call (954) 831-7017 (TTY), or 1-800-955-8770 (Voice).

Copies furnished to counsel of record:
Jonathan M. Matzner, Esq.
Douglas A. Allison, Esq.
Jeannette C. Lewis, Esq.
Robert C. Grady, Esq.